[Doc. No. 10]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ESTELLE HUGHES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE TOWNSHIP OF FRANKLIN, <br><br> Defendant. | Civil No. 13-3761 (AMD) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Estelle Hughes, Frances Gaetano, Thomas Little, and Vincent Parisi, move to conditionally certify this Fair Labor Standards Act litigation as a collective action on behalf of themselves and other similarly situated current and former law enforcement officers, against Defendant, the Township of Franklin. (See Memorandum of Law in Support of Plaintiffs' Motion to Conditionally Certify an FLSA Collective Action and Send Notice to the Class (hereinafter, "Pls.' Br.") [Doc. No. 10-1], 1.) Defendant does not oppose certification at the conditional phase, nor does Defendant take issue with providing the last known addresses for potential plaintiffs. (See Response to Plaintiff's Application for Conditional Certification as Collective Action (hereinafter, "Def.'s Opp'n") [Doc. No. 22], 1, 4.)  Rather, Defendant seeks to circumscribe the manner in which Plaintiffs provide notice of this suit to putative opt-in

plaintiffs. (Id. at 2.) The issue before the Court is whether the employees referenced in the Complaint can be provisionally categorized as similarly situated to the named Plaintiffs for the purposes of conditional certification. For the reasons that follow, the Court grants in part and denies in part Plaintiffs' motion.[1]

In this action, Plaintiffs, current and former law enforcement officers for the Township of Franklin, generally allege that Defendant "fail[ed] and refus[ed] to properly compensate Plaintiffs for" otherwise compensable pre-shift work, in accordance with an "established" practice incorporated into the parties' collective bargaining agreement[2] that required officers "to report" ten minutes prior to "their scheduled shift[.]" (Complaint [Doc. No. 3], ¶¶ 25-28, 63.) Plaintiffs therefore allege that this pre-shift requirement set forth in Article IX, ¶ C(1) of the parties' collective bargaining agreement required Plaintiffs to perform uncompensated work in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et

---

[1] The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c)(1), Federal Rule of Civil Procedure 73(b), and Rule 73.1 of the Local Civil Rules for the United States District Court, District of New Jersey. (See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge [Doc. No. 17], 1.)

[2] A collective bargaining agreement executed by and between the New Jersey State Policemen's Benevolent Association, PBA Local 122 and the Township of Franklin, Gloucester County, New Jersey, concerns in part Plaintiffs' employment with Defendant. (See generally Agreement [Doc. No. 10-3].)

seq. (hereinafter, the "FLSA" or the "Act"). (Id. at ¶¶ 29-57.) Plaintiffs seek civil damages, in addition to a declaratory judgment concerning the alleged "invalid, illegal[,] and unenforceable" nature of Defendant's "practices and policies" set forth in Article IX, ¶ C(1). (Id. at ¶ 67.)

In the pending motion, Plaintiffs seek to conditionally certify this action as a collective action "on behalf of all persons" during "the three years preceding" the inception of this action, who Defendant purportedly subjected to its "practice and policy of requiring" law enforcement officers to perform "10 minutes" of pre-shift work without compensation.[3] (Pls.' Br. [Doc. No. 10-1], 2, 14.)

---

[3] Plaintiffs' submissions do not set forth with specificity the scope of employees included in the proposed collective action. Rather, the scope of Plaintiffs' proposed collective action manifests in multiple forms. Specifically, in one portion of Plaintiffs' motion, Plaintiffs seek conditional certification on behalf of "all current and former police officer employees employed by Franklin Township after November 20, 2010 who worked but were not paid wages and/or overtime wages for time worked pre and post shift." (Pls.' Br. [Doc. No. 10-1], 1.) Plaintiffs' submissions also identify the potential collective action members as "all persons presently and formerly employed by [Defendant], in non-exempt police positions who were or are subject to [the] unlawful pay practices and policies described herein and who worked for [Defendant][.]" (Id. at 2; see also Amended Complaint [Doc. No. 3], ¶ 14.) In another portion of the submission, the proposed collective action appears to include all "current and former police officer[s]" who were "compensated improperly for overtime work and/or not compensated at all for work performed" and "were forced to use or lose accrued earned compensatory time in violation of the FLSA[.]" (Id. at 3.) In yet another section, Plaintiffs seek conditional certification on behalf of all current and former law enforcement officers

3

The Fair Labor Standards Act, 29 U.S.C. § 201 et seq., generally permits actions to proceed on a collective basis provided that the plaintiffs demonstrate that they are similarly situated to the putative collective action plaintiffs. Specifically, section 216(b) of the Act sets forth the "collective action" mechanism, which enables an employee alleging an FLSA violation to bring an action on "behalf of himself" and other "similarly situated" employees, subject to the requirement that each party plaintiff consents in writing to join the action and files such express, written consent "in the court in which [the] action is brought." 29 U.S.C. § 216(b). A similarly situated employee must therefore affirmatively "opt in" to an ongoing FLSA suit. Id.

"Courts in [this] Circuit [embrace] a two-step process" in determining "whether an action may properly proceed as a collective action under the FLSA." Camesi v. University of Pittsburgh Medical Center, 729 F.3d 239, 243 (3d Cir. 2013)

---

affected by Defendant's "policy and practice" of "requiring its police officers to report to work 10 minutes" prior to "their shift[,]" without providing compensation. (Id. at 14.) Finally, Plaintiffs request that the Court "conditionally certify this action as a[n] FLSA representative action on behalf of a class of all current and former patrol, sergeant and lieutenants of" Defendant. (Id. at 17-18.) Despite certain inconsistencies in Plaintiffs' submission, however, counsel for Plaintiffs confirmed on the record on March 5, 2014, that Plaintiffs seek to conditionally certify this proposed FLSA collective action in accordance with Defendant's purportedly unlawful pre-shift policy. The Court shall evaluate the pending motion accordingly.

(citing Zavala v. Wal-Mart Stores, Inc., 691 F.3d 527, 535 (3d Cir. 2012)). At the initial phase, courts apply "a 'fairly lenient standard'" and must make "a preliminary determination [concerning] whether the named plaintiffs have made a 'modest factual showing' that the employees identified in the[] complaint are 'similarly situated'" with respect to the alleged policy. Id. (quoting Zavala, 619 F.3d at 536, n.4). However, a plaintiff must produce evidence "'beyond pure speculation[.]'" Zavala, 691 F.3d at 536 n.4 (quoting Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 193 (3d Cir. 2011) (citing Smith v. Sovereign Bancorp, Inc., No. 03-2420, 2003 WL 22701017, at *3 (E.D. Pa. Nov. 13, 2003)), rev'd on other grounds, --- U.S. ---, 133 S.Ct. 1523 (2013)). Unsubstantiated, general, and vague assertions of widespread violations or "terse declaration[s]" fail to establish the requisite "modest" factual showing. Villanueva-Bazaldua v. TruGreen Ltd. Partners, 479 F. Supp. 2d 411, 415 (D. Del. 2007) (denying conditional certification in light of the "dearth of evidence"); see also Bramble v. Wal-Mart Stores, Inc., 2011 WL 1389510, at *4 (E.D. Pa. Apr. 12, 2011) ("Although plaintiffs' burden to establish a right to conditional certification is modest, it is "not nonexistent and the factual showing, even if modest, must still be based on some substance.") (citation omitted). Rather, a plaintiff must present factual evidence, with sufficient detail, to bolster the

5

assertions. See Kronick v. bebe Stores, Inc., No. 07-4514, 2008 WL 4546368, at *3 (D.N.J. Oct. 2, 2008) ("general and vague assertions might be tenable if Plaintiff affiants had presented more detailed factual evidence to bolster their assertions"). Consequently, "'courts have not hesitated to deny conditional certification'" where plaintiffs present insufficient evidence. Rogers v. Ocean Cable Grp., No. 10-4198, 2011 WL 6887154, at *3 (D.N.J. Dec. 29, 2011) (quoting Dreyer v. Altchem Envtl. Servs., No. 06-2393, 2007 WL 7186177, at *3 (D.N.J. Sept. 25, 2007)). Moreover, certification at this initial stage does not suffice to establish "'the existence of a representative action under [the] FLSA[,]'" but rather, solely serves "'to facilitate the sending of notice to potential class members.'"[4] Postiglione v. Crossmark, Inc., No. 11-960, 2012 WL 5829793, at *3 (D.N.J. Nov. 15, 2012) (quoting Symczyk, 656 F.3d at 194).

---

[4] Though many courts have employed the "'vernacular'" applicable in the Federal Rule of Civil Procedure 23 context, the concept of "'class certification'" remains "[a]bsent from the text of the FLSA[.]" Symczyk, 656 F.3d at 194 (quoting Kelley v. Alamo, 964 F.2d 747, 748 n.1 (8th Cir. 1992)). Indeed, "no class" exists in the collective action context. Morangelli v. Chemed Corp., 275 F.R.D. 99, 104 n.1 (E.D.N.Y. 2011) ("[T]here is no class in a collective action."). Rather, the certification considered in the pending motion "'is only the district court's exercise of [its] discretionary power'" to "'facilitate the sending of notice to potential class members' and 'is neither necessary nor sufficient for the existence of a representative action under [the] FLSA.'" Symczyk, 656 F.3d at 194 (quoting Myers v. Hertz Corp., 624 F.3d 537, 555 n. 10 (2d Cir. 2010)).

Here, in accordance with the "'fairly lenient standard'" applicable to conditional certification, Plaintiffs must produce a "'modest factual'" basis, "'beyond pure speculation[,]'" to establish that the current and former law enforcement officers are "'similarly situated'" with respect to Defendant's alleged pre-shift policy. Camesi, 729 F.3d at 243 (quoting Zavala, 619 F.3d at 536 n.4.) Plaintiffs assert that the documentation submitted in connection with the pending motion—and, in particular, the collective bargaining agreement and the certification of Plaintiff Estelle Hughes—collectively satisfies the minimal burden associated with conditional certification. (Pls.' Br. [Doc. No. 10-1], 14.) Specifically, Plaintiffs assert that their proffer demonstrates the "similarly situated" nature of all potential plaintiffs with respect to the collective bargaining agreement's "unlawful" policy requiring that law enforcement officers "report to work 10 minutes" prior to their shift. (Id. at 2-3, 14; see also Agreement [Doc. No. 10-3], 13; see also Amended Complaint [Doc. No. 3], ¶ 63.) As set forth supra, Plaintiffs generally allege that Defendant's "unlawful[]" policy required Plaintiffs, and those similarly situated former and current law enforcement officers, "to report to work 10 minutes" prior to "their officially assigned shift[,]" without providing compensation "for this required

7

time" in accordance with "regular" and/or "overtime rates of pay[.]" (Amended Complaint [Doc. No. 3], ¶ 63.)

In support of the pending motion, Plaintiffs rely upon the express overtime policy prescribed by the parties' collective bargaining agreement. (See Agreement [Doc. No. 10-3], 14.) That express policy requires that law enforcements officers "be prepared to assume normal patrol duties ten (10) minutes prior" to the start of their shift. (Id. at 14.) To the extent this pre-shift time requires any incidental accrual of overtime hours, the collective bargaining agreement provides that officers will receive overtime compensation, but only "at the discretion of the Chief of Police[.]" (Id.) Plaintiffs further allege that they are similarly situated in light of the provision's uniform application to all potential plaintiffs. (Pls.' Br. [Doc. No. 10-1], 14-15.) Defendant presents no contrary evidence to rebut this purported uniform application.

Notwithstanding the express policy relied upon by Plaintiffs, however, Plaintiffs' proffer does suffer from several deficiencies. Namely, the certification of Estelle Hughes generally states that Defendant "established a practice" set forth in the parties' collective bargaining agreement, which required that "uniformed police officers" perform work "ten (10) minutes" pre-shift, without compensating Plaintiffs, and those similarly situated, for that time. (Certification of Estelle

8

Hughes [Doc. No. 10-4], ¶¶ 3-6.) Plaintiffs do not, however, substantiate these allegations concerning Defendant's failure to compensate through the submission of pay stubs, W-2s, and/or other similar pay information, which might demonstrate the uncompensated nature of this pre-shift time. Nor do Plaintiffs specifically assert that Defendant provided compensation solely in accordance with scheduled shift time, thereby bolstering any inference that pre-shift time (i.e., nonscheduled time) went uncompensated. Moreover, Plaintiff Estelle Hughes does not set forth the basis for her assertions concerning the compensation of other officers. Notably, Plaintiff Estelle Hughes does not predicate her assertion on specific conversations with other officers, nor does she indicate that she possesses personal knowledge of Defendant's compensation scheme. Rather, she vaguely asserts that Defendant "does not compensate" officers for pre-shift time. Therefore, though the certification of Estelle Hughes may set forth evidence of an individual FLSA claim, Plaintiffs must also present evidence demonstrating the "similarly situated" nature of all potential collective action plaintiffs with respect to Defendant's alleged violation. See Wright v. Lehigh Valley Hosp., No. 10-431, 2010 WL 3363992, at *4 (E.D. Pa. Aug. 24, 2010) (finding plaintiff's argument that defendants "must have violated other [putative collective action members'] rights because their uniform policies and procedures

9

allegedly violated her rights" insufficient "to satisfy the modest factual showing").

The limited number of opt-in Plaintiffs gives the Court further pause in evaluating the pending motion. At present, four Plaintiffs comprise this action. However, Plaintiffs asserts that Defendant presently "employs approximately twenty-five (25) full time and permanent police officers[,]"[5] and Plaintiffs have presented no evidence to suggest forthcoming opt-in plaintiffs. (Amended Complaint [Doc. No. 3], ¶ 13.)  See, e.g., Goldstein v. Children's Hosp. of Phila., No. 10-1190, 2012 WL 5250385, at *5 (E.D. Pa. Oct. 24, 2012) (finding that the limited "evidence of opt-ins despite 10 months of discovery" weighed against conditional certification); Wright, 2010 WL 3363992, at *4  (finding "[t]he conspicuous dearth of record evidence of a factual nexus between [plaintiff's] experiences and those of other [registered nurses employed by the defendant] fatal to the proposed class," particularly in light of the fact that plaintiff "had ample time to recruit other registered nurses to support her claim").

---

[5] The Court notes that Plaintiffs seek to proceed on behalf of all current and former law enforcement officers employed by Defendant. (See generally Pls.' Br. [Doc. No. 10-1].) The record before the Court, however, lacks any indication at this time concerning the number of former law enforcement officers employed by Defendant during the three-year period relevant to this action.

10

Notwithstanding these deficiencies, the Court notes that Defendant does not oppose the pending motion, nor dispute the uniform nature of the policy prescribed by the parties' collective bargaining agreement. (Def.'s Opp'n [Doc. No. 22], 5 ("defendant does not object and has submitted no objection to the court entering an order granting plaintiff's application for conditional certification as a collective action"). Moreover, the express language of the policy relied upon by Plaintiffs inherently demonstrates the "similarly situated" nature of the potential collective action members with respect to Defendant's pre-shift requirement. See Sperling v. Hoffmann-La Roche, Inc., 118 F.R.D. 392, 407 (D.N.J. 1988) (noting that plaintiffs must establish "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" in order to warrant conditional certification); Andrako v. U.S. Steel Corp., 788 F. Supp. 2d 372, 380 (W.D. Pa. 2011) (denying defendant's motion to decertify a collective action in part in light of the parties' undisputed and "longstanding policy of non-compensability of portal-to-portal activities" in accordance with the parties' collective bargaining agreement). Consequently, for the purposes of this unopposed motion for conditional certification, the Court concludes that Plaintiffs' proffer suffices to provisionally categorize the potential opt-in plaintiffs as

similarly situated to Plaintiffs with respect to Defendant's employment policies, practices, and compensation scheme.[6] See Altenbach v. Lube Center, Inc., No. 08-2178, 2009 WL 3818750, at *1 (M.D. Pa. Nov. 13, 2009) (finding plaintiff's showing "sufficient" to warrant "the unopposed conditional certification" of plaintiff's "proposed class"). The Court therefore grants Plaintiffs' motion, and shall conditionally designating this action as a collective action under the FLSA. See Bowe v. Enviropro Basement Sys., No. 12-2099, 2013 WL 6280873, at *8 (D.N.J. Dec. 4, 2013) (finding that plaintiff "met his burden" to demonstrate, by a "modest factual showing[,]" "that he is similarly situated to [d]efendants' other employees[,]" and granting plaintiff's unopposed motion for conditional certification).

The Court now turns to Plaintiffs' request for Court-approved notice. With respect to notice, Plaintiffs generally request as follows: (1) the last known addresses of potential opt-in plaintiffs; (2) "the date[] of birth and social security number [of] any class member[] whose mailed notice" is returned as undeliverable; (3) the ability to send "follow-up postcard[s] to any class members" who fail to respond within "thirty days after" mailing "of the initial notice[;]" and (4) permission to

---

[6] The Court is not at this time addressing the merits of Plaintiffs' FLSA claims.

12

post "notice" at "Defendant's City Hall and within the Police Department[.]" (Pls.' Br. [Doc. No. 10-1], 15-16.) As set forth supra, Defendant does not oppose "providing the last known addresses for potential class members[.]" (Def.'s Opp'n [Doc. No. 22], 3.) Defendant does, however, oppose the subsequent provision of additional identifying information concerning the potential plaintiffs, Plaintiffs' proposed latitude to send "follow-up post cards[,]" and the posting of workplace notices. (Id. at 3-4.) Defendant further requests that the "opt-in period" be limited to not longer than forty-five (45) days. (Id. at 4.) In support of these proposed limitations, Defendant relies upon a number of cases in this District concerning court-approved notice in the context of FLSA collective actions. (Id. at 1-2.) In Steinberg v. TD Bank, N.A., No. 10-5600, 2012 WL 2500331 (D.N.J. June 27, 2012), for example, the court considered the appropriate contours of court-approved notice. Id. at *10. The Steinberg plaintiffs requested a "120-day opt-in period[,]" "social security numbers" for all potential plaintiffs, and the ability to post additional "notice[s]" at defendant's worksites. Id. at *10. The Steinberg court, however, rejected plaintiffs' request, and noted that plaintiffs failed to proffer "compelling reasons to [permit] notice mechanisms beyond first class mail or contact information beyond mailing addresses[.]" Id. at *10 (citing Bredbenner v. Liberty Travel,

13

No. 09-905, 2009 WL 2391279, at *3 n. 3 ("Courts generally release social security numbers only after notification via first class mail proves insufficient."); Ritzer v. UBS Fin. Servs., Inc., No. 08-01235, 2008 WL 4372784, at *3 (D.N.J. Sept. 22, 2008) ("Unless notification via first class mail proves insufficient, social security numbers and telephone numbers should not be released."); Martinez v. Cargill Meat Solutions, 265 F.R.D. 490, 500 (D. Neb. 2009) (declaring that first class mail would be sufficient because "[t]here is no evidence personal mailing will be an unreliable means of delivering notice to the putative plaintiffs"); Reab v. Elec. Arts, Inc., 214 F.R.D. 623, 631 (D. Colo. 2002) ("First class mail ensures, at the outset, that the appropriately targeted audience receives the intended notification and maximizes the integrity of the notice process.")). Nor had the Steinberg plaintiffs "offered [any] reason" to support a opt-in period in excess of "45-day[s][.]" Id. The Court finds the reasoning set forth in Steinberg to be persuasive, and therefore denies without prejudice Plaintiffs' request for information in excess of mailing addresses and for latitude to provide notice to potential plaintiffs in a manner other than first class mail. The Court further finds a brief 45-day opt-in period to be appropriate in this action in light of the limited number of potential plaintiffs in this action. (Amended Complaint [Doc.

14

No. 3], ¶ 13.) The parties shall, by April 30, 2014, meet and confer concerning the revised notice form, in accordance with the Local Civil Rules and the Court's Memorandum Opinion and Order.

Consequently, for the reasons set forth herein, and for good cause shown:

IT IS on this 14th day of April 2014,

**ORDERED** that Plaintiffs' motion to conditionally certify this action as a collective action [Doc. No. 10] shall be, and hereby is, **GRANTED IN PART**; and it is further

**ORDERED** that this action shall be conditionally designated as a collective action under the FLSA; and it is further

**ORDERED** that the parties shall, by **April 30, 2014**, meet and confer concerning the revised notice form, in accordance with the Local Civil Rules and the Court's Memorandum Opinion and Order; and it is further

**ORDERED** that the parties shall, by **May 7, 2014**, submit an agreed upon notice form in accordance with the Court's Memorandum Opinion and Order.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE